**FILED**

FEB 07 2008

[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| VELDA SMITH, | CIV: 08-4023 |
| Plaintiff, | |
| vs. | COMPLAINT |
| GARY BUBAK, M.D., WAGNER COMMUNITY MEMORIAL HOSPITAL, a South Dakota Corporation; BUBAK MEDICAL CLINIC; AVERA HEALTH, a South Dakota Corporation; and AVERA SACRED HEART HOSPITAL, | |
| Defendants. | |

NOW COMES Plaintiff, Velda Smith, by and through her attorney of record, and for her Complaint and causes of action against the above-named Defendants, does hereby state and allege as follows:

**PARTIES**

1. Plaintiff Velda Smith is a resident of Grand Island, Nebraska, and has been at all times material hereto a resident of the State of Nebraska. All the Defendants named herein were residents of the State of South Dakota at all pertinent times herein. The incident which is the subject matter of this Complaint occurred at Wagner Community Memorial Hospital in Wagner, South Dakota, and the amount in controversy exceeds $75,000, exclusive of costs and interest. Jurisdiction is proper based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

2. At all times material herein, Defendant Gary Bubak, M.D. (hereinafter "Dr. Bubak") was a resident of Wagner, South Dakota, was and is a physician licensed to practice medicine in the State of South Dakota, who holds himself out to the public as possessing

expertise, knowledge, and skill in the practice of medicine.

3. At all times material herein, Defendant Wagner Community Memorial Hospital has described itself as a "Partner in Health" with Avera Queen of Peace and Avera Health, and was engaged in the business of operating a general hospital in Wagner, South Dakota, employing physicians, nurses, technicians and other personnel to treat patients with a variety of illnesses and injuries, and held itself out to the public as providing inpatient and outpatient medical services, including urgent care services and telemedicine.

4. At all times material herein, Defendant Bubak Medical Clinic was and is a medical clinic believed to employ Dr. Bubak at the time of the incident made the basis of this lawsuit. Bubak Medical Clinic was believed to be engaged in the business of employing physicians to treat patients in Wagner, South Dakota and surrounding communities, and held itself out to the public as providing medical services.

5. At all times material herein, Defendant Avera Sacred Heart Hospital has described itself as a "Partner in Health" with Wagner Community Memorial Hospital and Avera Health, and was engaged in the business of operating a general hospital in Yankton, South Dakota, employing physicians, nurses, technicians and other personnel to treat patients in and around Yankton, South Dakota, with a variety of illnesses and injuries, and held itself out to the public as providing inpatient and outpatient medical services, including an Emergency Department rated "one of the best in the nation".

6. At all times material herein, Defendant Avera Health has described itself as a "Partner in Health" with Wagner Community Memorial Hospital and Avera Sacred Heart Hospital, and was engaged in the business of operating a five state health system, including Avera McKennan Hospital in Sioux Falls, South Dakota. Avera McKennan Hospital describes

itself as a regional leader in stroke care, and trains its staff in early and appropriate diagnosis and treatment of strokes.

## FACTS

7. At approximately 4:30 p.m. on February 9, 2006, Plaintiff Velda Smith was working at Fort Randall Casino near Pickstown, South Dakota, when she began to exhibit stroke-like symptoms, including left arm weakness causing her to drop items in her left hand. An ambulance was called, and she was delivered by ambulance to Wagner Community Memorial Hospital.

8. At 5:05 p.m., Velda Smith arrived at Wagner Community Memorial Hospital. She was seen and examined immediately by Dr. Bubak. Dr. Bubak noted obvious left facial weakness, and blood pressure of 213/100.

9. At 5:30 p.m., Dr. Bubak ordered that Velda Smith be transferred by ambulance to Armour, South Dakota for the purpose of undergoing a CT scan of her head with contrast.

10. At. 7:15 p.m., Velda Smith departed Wagner Community Memorial Hospital by ambulance, and was transferred to Douglas Memorial Community Hospital in Armour, South Dakota.

11. At 8:15 p.m., Dr. Bubak was notified by the reviewing radiologist that Velda Smith's CT scan results were negative for cerebral hemorrhage. Velda Smith was ordered to return to Wagner Community Memorial Hospital.

12. At 8:30 p.m., Velda Smith was found to have no hand grasp on the left, unable to push with her left foot, and noticeable facial droop on the left side. The cerebral vascular accident progressed through the next morning.

13. At no time on February 9, 2006, or thereafter, did Dr. Bubak chart any consideration of transfer, treatment by tissue plasminogen activator (tPA), nor did he discuss any

such options with Velda Smith, her family, significant other or other medical professionals.

14. On February 14, 2006, Velda Smith's family arranged her transfer to Saint Francis Medical Center in Grand Island, Nebraska. There she was found to have suffered a large right middle cerebral artery distribution stroke, with subsequent edema and bleeding resulting in midline shift. It was determined that she required a neurosurgical consultation, and was then transferred to Saint Elizabeth Regional Medical Center in Lincoln, Nebraska. She was discharged from that facility on February 20, 2006, and has been a nursing home resident from February 20, 2006 until this date.

15. As a result of her cerebral vacular injuries, Velda Smith has severe left-side hemiparesis; requires assistance with activities of daily living, and is not considered a candidate for independent living or assisted living, all due to the medical negligence of the Defendants.

16. Had Defendants adhered to the applicable standards of care, the afore-described injuries sustained by Velda Smith would have been avoided.

17. Prior to such stroke, Velda Smith was an healthy, active, self-sustaining, vivacious lady who actively ranched and worked outside the home.

18. As a result, Velda Smith has lost income, incurred substantial medical expenses, and continues and will continue for life to require extensive medical treatment and nursing care and suffers greatly from the loss of her independent life style.

## COUNT ONE - NEGLIGENCE

19. Plaintiff incorporates by reference each and every paragraph set forth herein.

20. Defendants owed a duty to Plaintiff to exercise reasonable care and skill in providing professional medical services to her while a patient under their care at Wagner Community Memorial Hospital.

21. At all times material hereto, Defendant Wagner Community Memorial Hospital

held itself out as having state-of-the-art telemedicine available in conjunction with defendants Avera Sacred Heart in Yankton, South Dakota, as well as Avera McKennan Hospital in Sioux Falls, South Dakota. Both such hospitals are and were available to accept stroke patients like Velda Smith and are and were equipped to handle such medical emergencies. At all times material hereto, Yankton, South Dakota, was an approximate ambulance ride from Wagner, South Dakota of fifty minutes. At all times material hereto, Sioux Falls, South Dakota was an approximate ambulance ride of one hour from Wagner, South Dakota and faster travel via air ambulance. At no time did Defendant Dr. Bubak record any consideration of transfer to either Avera McKennan Hospital or Avera Sacred Heart Hospital, both of which were hospital facilities equipped and capable of handling stroke patients. At no time material hereto did Defendant Dr. Bubak make or record, via telemedicine or otherwise, any consult with any other facilities or medical professionals regarding the status or transfer of Plaintiff.

22. Defendant Dr. Bubak breached the applicable standard of care for a physician when he failed to properly diagnose, treat, care for, or transfer Velda Smith while at Wagner Community Memorial Hospital.

23. Defendants Wagner Community Memorial Hospital, Avera Queen of Peace, and Avera Health breached the applicable standard of care for a hospital system by failing to administer the policies, procedures and protocol necessary to properly diagnose, treat, care for, or transfer Velda Smith while at Wagner Community Memorial Hospital.

24. Defendants Wagner Community Memorial Hospital, Avera Queen of Peace and Avera Health are liable for the acts and omissions of Defendant Dr. Bubak and all other Defendant medical and nursing personnel during their care and treatment of Velda Smith under the doctrines of *respondeat superior* and/or apparent agency. Additionally, Defendant Bubak

Medical Clinic is liable for the acts and omissions of Defendant Dr. Bubak under the doctrines of *respondeat superior* and/or apparent agency.

25.     As a result of Defendants' negligence, Plaintiff Velda Smith has suffered damages, including, but not limited to, extensive medical expenses, permanent disability, loss of income, and past and future pain and suffering and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Velda Smith requests that this Court enter a judgment against Defendants and in favor of Plaintiff as follows:

1. For such sums as may be awarded for Plaintiff's economic and non-economic losses, including disability, disfigurement, pain, suffering, mental anguish, loss of earnings and earning capacity, medical, hospital, nursing and rehabilitation expenses, both past, present and future;
2. For loss of the ability to enjoy life;
3. For costs of this lawsuit including prejudgment interest; and
4. For such other and further relief as may be just and equitable.

Dated this __7__ day of _____, 2008.

> GUNDERSON, PALMER, GOODSELL
> & NELSON, LLP
>
> BY: _____
> Terence R. Quinn
> G. Verne Goodsell
> 440 Mt. Rushmore Road
> P.O. Box 8045
> Rapid City, SD 57709-8045
> (605) 342-1078
> Attorney for Plaintiffs

PLAINTIFFS REQUEST TRIAL BY JURY

BY: _____
Terence R. Quinn